# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | 18-cr-215(2) (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Brandon Dante Brooks-Davis, | |
| Defendant. | |

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

A.L. Brown, Capitol City Law Group, LLC, 287 East Sixth Street, Suite 20, St. Paul, MN 55101 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Brandon Dante Brooks-Davis's Motion for *Brady* Material (ECF No. 30). A hearing was held on January 3, 2019. Assistant United States Attorney Thomas Calhoun-Lopez appeared on behalf of the United States of America (the "Government"). Attorney A.L. Brown appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Defendant's Motion for *Brady* Material (ECF No. 30) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66

(1967), *Moore v. Illinois*, 408 U.S. 786 (1972), and their progeny. In his motion, Defendant identified nine, non-exhaustive categories of evidence he was seeking. The Government acknowledges its obligations under *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and states that it will fully comply with those obligations. (ECF No. 44.)

At the hearing, the Court walked through each of the nine categories of evidence listed in Defendant's motion, soliciting the parties' responses to each item.

**Items 1 through 6.** For each of these items, the Government stated that it was not aware of any responsive materials, but that it would disclose any such materials. Therefore, Defendant's motion is granted with respect to Items 1 through 6.

**Item 7.** Item 7 requests "[a]ny items seized from parties not charged which tend to identify them rather than the defendant with commission of, or participation in, the crime." The Government confirmed that it will produce all exculpatory material.

As a general matter, "[s]uppression by the prosecution of evidence favorable to the defense is a violation of due process." *United States v. Williams*, 577 F.3d 878, 882 (8th Cir. 2009) (citing *Brady*, 373 U.S. at 87). "Under *Brady*, the government must disclose any evidence both 'favorable to an accused' and 'material either to guilt or to punishment.'" *United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) (quoting *Brady*, 373 U.S. at 87, 83). "*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." *Id.* (citations omitted). "Evidence favorable to the accused is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

2

different." *Id.* (quotation omitted). The Government has represented that it is aware of its obligations and will turn over responsive materials. Defendant's motion is granted with respect to Item 7.

**Items 8 and 9.** Items 8 and 9 seek impeachment information related to prospective Government witnesses. The Government has no objection to producing the requested information once an individual becomes a Government witness. The Government objects, however, to the extent Defendant seeks information relating to "mere tipsters."

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also Whitehill*, 532 F.3d at 753 ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)). Defendant's motions are granted in part to the extent that the Government shall comply fully with its

3

obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act materials.

In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001).

To the extent Defendant seeks information regarding confidential informants the Government *does not* intend to call at trial, Defendant's motion is denied as Defendant has failed to meet his burden of demonstrating the need for disclosure of these individuals. *See Alcantar*, 271 F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)). To the extent there are any confidential informants that the Government *does* intend to call at trial, the Government shall disclose the identities of such individuals and provide the requested information no later than seven days before trial. *See United States v. Cree*, No. 12-cr-26(4) (JRT/JSM), 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (finding seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants").

**IT IS SO ORDERED.**

Date: January  18 , 2019         s/ Tony N. Leung
                                 Tony N. Leung
                                 United States Magistrate Judge
                                 District of Minnesota

                                 *United States of America v. Brooks-Davis*
                                 Case No. 18-cr-215(2) (ADM/TNL)