UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-215 (ADM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **DEFENDANT'S PROPOSED** ) **JURY INSTRUCTIONS** |
| (2) Brandon Dante Brooks-Davis, | ) ) |
| Defendant. | ) |

Brandon Dante Brooks-Davis respectfully requests that the Court instruct the jury as follows. Unless specifically noted, the jury instructions requested are found within the United States Court of Appeals for the Eighth Circuit's *Model Jury Instruction (Criminal)*.

The Defendant has no objection to the Government's **Proposed Preliminary Instructions Before Opening Statements**. Specifically, the Defendant agrees that the Court to instruct the jury as requested by the Government's Proposed Instructions (Doc. 73), numbers 1-8. In addition to those instructions, Defendant asks this Court to instruct the jury as follows as it relates to the presumption of innocence:

> I instruct you that you must presume Brandon Brooks-Davis to be innocent of the crime charged. Thus Mr. Brooks-Davis, although accused of a crime in the

indictment, begins the trial with a 'clean slate' -- with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Brooks-Davis is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Brooks-Davis. The presumption of innocence alone, therefore, is sufficient to acquit him.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Mr. Brooks-Davis has committed each and every element of the offenses charged in the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence."[1]

Likewise, the Defendant has no objection to the Government's **Proposed Instructions for Use During Trial**. Specifically, the Defendant agrees that the

---

[1] O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th Ed.), § 12.10 (modified to include defendant's name)

2

Court to instruct the jury as requested by the Government's Proposed Instructions (Doc. 73), numbers 9-13. In addition to those instructions, Defendant asks this Court, if necessary, to instruct the jury as follows as it relates to the testimony of D.A.:

> You have heard that the witness [D.A.] pleaded guilty to a crime, which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of this defendant's guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon his testimony.[2]

Also as it relates to the testimony of D.A., the Defendant asks this Court to instruct the jury as follows:

> You have heard testimony from D.A. who stated that he participated in the crime charged against the defendant. His testimony was received in evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by his desire to please the prosecution or to strike a good bargain with the government about his own situation is for you to determine.[3]

And if there is factual support, Defendant asks the Court for the following jury instruction:

> You are about to hear evidence that D.A. hopes to receive a reduced sentence on criminal charges pending against him in return for his cooperation with the government in this case. D.A entered into an agreement with United States Government which provides that in return for his assistance, the government will dismiss certain charges, recommend a less severe sentence

---

[2] Model Crim. Jury Instr. 8th Cir. 2.19 (2019).
[3] Model Crim. Jury Instr. 8th Cir. 4.05A (2019).

3

> [which could be less than the mandatory minimum sentence for the crime[s] with which he is charged]). D.A. is subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain minimum length. If the prosecutor handling this witness' case believes he provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce his sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the prosecution, acting through the United States Attorney, files a such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the prosecution, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.
>
> You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his hope of receiving a reduced sentence is for you to decide.[4]

The Defendant likewise has no objection—except as noted—to the Government's **Proposed Instructions for Use at the End of Trial**. Specifically, the Defendant agrees that the Court to instruct the jury as requested by the Government's Proposed Instructions (Doc. 73), numbers 14-30, and 32. Defendant objects to the Government's Proposed Instruction No. 31 and intends to file a motion barring the Government's introduction of the evidence that is the subject of the proposed instruction. In addition to those instructions, and noting that objection, the Defendant also asks this Court to instruct the jury as follows as it relates to criminal liability:

> A person may also be found guilty of Felon in Possession of a Firearm even if he personally did not do

---

[4] Model Crim. Jury Instr. 8th Cir. 4.05B (2019).

every act constituting the offense charged, if he aided and abetted the commission of Felon in Possession of a Firearm.

In order to have aided and abetted the commission of a crime a person must, before or at the time the crime was committed,:

> (1) have known Felon in Possession of a Firearm was being committed or going to be committed;
>
> (2) have had enough advance knowledge of the extent and character of Felon in Possession of a Firearm that he was able to make the relevant choice to walk away from Felon in Possession of a Firearm before all elements of Felon in Possession of a Firearm; and
>
> (3) have knowingly acted in some way for the purpose of aiding the commission of Felon in Possession of a Firearm; and
>
> [(4) have known *(insert mental state required by principal offense)*.]

For you to find the defendant guilty of Felon in Possession of a Firearm by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of Felon in Possession of a Firearm were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.[5]

---

[5] Model Crim. Jury Instr. 8th Cir. 5.01 (2019).

Finally, the Defendant notes that based upon the evidence at trial as it relates to the joint occupancy of the location where the firearms were found, the Defendant may requests a special jury instruction consistent with *United States v. Ramos*, 852 F.3d 747 (8th Cir. 2017)(instructing that the Government must "provide additional evidence of a link between the contraband and the defendant" in the context of a joint occupancy case.").

Dated: April 08, 2019        Respectfully submitted

/s/ A.L. Brown

_____
A. L. Brown (# 331909)
**Capitol City Law Group, LLC**
**The Allen Building**
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101
Telephone (651) 705-8580
Facsimile (651) 705-8581
E-Mail: A.L.Brown@cclawg.com

**ATTORNEY FOR DEFENDANT**