UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 18-211 (JNE/ECW)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM** |
| vs. | ) | **IN SUPPORT OF MOTION TO** |
| | ) | **EXCLUDE 404(b) EVIDENCE** |
| (2) BRANDON BROOKS-DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

Brandon Brooks-Davis submits this memorandum of law in support of his motion in limine to exclude Rule 404(b) evidence.

## BACKGROUND

Mr. Brooks-Davis is charged with three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of an unregistered firearm in violation of 26 U.S.C. §5861(d). (Doc. 1.) Mr. Brooks-Davis's codefendant, Donta Adams, was similarly charged, but pleaded guilty on December 12, 2018. (Doc. 47.) As such, trial will proceed with only Mr. Brooks-Davis as a defendant.

The government alleges that on July 29, 2017, that Minneapolis police officers, while on patrol, heard gunshots and observed a vehicle driving away erratically from the area of those shots. The officers attempted to stop the vehicle but the vehicle sped through stop signs. Eventually, the vehicle stopped. Mr. Brooks-Davis was the driver and his co-defendant, Mr. Adams was the front-seat passenger. The officers found, the Government alleges, a loaded magazine in the front passenger seat and two firearms in the in the vehicle's

1

center console. Mr. Adams was with being a felon in possession from that stop.[1]

The government notified Mr. Brooks-Davis of its intent to offer evidence of the seizure, search, and officer's findings pursuant to Federal Rule of Evidence 404(b)(2). It has since moved in limine for a ruling on the admissibility of this evidence. (Doc. 72.)

The government seeks to admit this evidence "to show preparation and plan: a common scheme between the Defendant and Donta Adams to possess firearms in furtherance of their drug trafficking activities." (Doc. 75 at pages 10-11.)

**ARGUMENT**

**I.    Rule 404(b) Requires That The Proposed "Prior Bad Acts" Evidence Be Excluded.**

Federal Rule of Evidence 404(b) provides, in part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. . . .

The courts have made clear that bad acts evidence offered under Rule 404(b) are not admissible "solely to prove the defendant's criminal disposition." *See United States v. LeCompte*, 99 F.2d 274, 276 (8th Cir. 1996) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995)). Further, the Eighth Circuit has ruled that Rule 404(b) evidence is admissible if it is: "1) relevant to a material issue; 2) similar in kind and close in time to the crime charged; 3) proven by a preponderance of the evidence; and 4) if the potential prejudice does not substantially outweigh its probative value." *United States v. Voegtlin*, 437

---

[1] *Minnesota* v. *Adams*, 27-CR-18-19874. Dismissed on January 31, 2019.

F.3d 741, 745 (8th Cir. 2006) (internal quotations and citation omitted); *see also United States v. Loveless*, 139 F.3d 587, 592 (8th Cir. 1998) (setting forth elements); *United States v. Heidebur*, 122 F.3d 577, 579 (8th Cir. 1997) (same). Evidence of any prior bad act must only be admitted for a specific material purpose at issue in the trial, and that purpose must be clearly articulated by the government.

This is so because generally "evidence of crimes by the defendant, not charged in the indictment, are not admissible." *United States v. Forcelle*, 86 F.3d 838, 841 (8th Cir. 1996). Evidence of uncharged and unrelated bad-acts evidence carries with it high risks that it may "deny [the accused] a fair opportunity to defend against a particular charge." *Old Chief v. United States*, 519 U.S. 172, 181 (1997). Beyond the fairness concern, this sort of evidence creates the specter of time-consuming trials-within-a-trial. *United States v. Al Kassar*, 660 F.3d 108, 124 (2d Cir. 2011). A trial can become hopelessly bogged down in a "sideshow," the jury confused and distracted by endless wrangling over alleged collateral bad acts, rather than the actual issue at hand. *United States v. Bigesby*, 685 F.3d 1060, 1064 (D.C. Cir. 2012). For these reasons, use of prior bad acts evidence *may be* permitted under limited circumstances, but is use sharply circumscribed.

In order to be admissible, the evidence must be strong enough to meet the preponderance standard, *United States v. Battle*, 774 F.3d 504, 513 (8th Cir. 2014), and is not admissible if it creates only a weak inference of an actual crime or wrongful act, *United States v. Vaughn*, 111 F.3d 610, 615 (8th Cir. 1997). Rather, the evidence is only admissible if probative of legitimate trial issues, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *United States v. Johnson*, 439 F.3d 947, 952 (8th

3

Cir. 2006). Finally, even if any potential 404(b) evidence is offered for a permissible reason and meets the preponderance standard, it should nevertheless be excluded if the danger of unfair prejudice, confusion of the issues, or misleading of the jury outweighs any probative value. Fed. R. Evid. 403; *United States v. Chase*, 451 F.3d 474, 479-80 (8th Cir. 2006).

### A. The Government Has Not Demonstrated that the Evidence in Question Is Relevant to Any Issue In Dispute.

The government's stated purpose of introducing the testimony related to the July 2017, events is "to show preparation and plan: a common scheme between the Defendant and Donta Adams to possess firearms in furtherance of their drug trafficking activities." Mr. Brooks-Davis, however, has not been charged with drug trafficking and there is no evidence that he has engaged in drug trafficking in 2017. The government does not provide any facts to suggest that the July 2017, event was related to drug-trafficking in any way.

All we know is that officers heard gunshots, law enforcement stopped Mr. Brooks-Davis's vehicle, and inside that vehicle law enforcement located two guns and ammunition—but no drugs. It is hard to see how the 2017 events help establish a common plan or scheme to possesses firearms in furtherance of drug trafficking when there is no evidence of drug trafficking in 2017 or that those events were related to drug trafficking.

All that the July 2017, event tells us is that Mr. Brooks-Davis and Mr. Adams were allegedly in possession of firearms in the past with the hope that jury would conclude that the same must have been true on August 7, 2018. The Court should exclude the evidence.

### II. Even If The Evidence Had A Proper Purpose, It Must Be Excluded Under Rule 403.

In addition to consideration of whether the prior bad acts in this case are admissible

under Rule 404(b), the Court must decide whether they are properly admitted under Rule 403. "[A]ll Rule 404(b) evidence is inherently prejudicial," *U.S. v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006). The Rule 403 balancing of probative value versus prejudicial effect is an "integral step" toward a determination of admissibility under 404(b). *King v. Aherns*, 16 F.3d 265, 267 (8th Cir. 1994). Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Prejudicial evidence has been defined, in part, as evidence which "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or cause[s] a jury to base its decision on something other than the established propositions in the case." Weinstein, *Federal Evidence*, § 403[3] at 403-36. In this case there can be little doubt that evidence that the government intends to introduce is trained on provoking the jury's instinct to punish. The Minneapolis police officer would testify that Mr. Brooks-Davis was suspected of shooting—presumably at another person—fleeing the scene of that shooting (doing property damage in the process) and ultimately being caught. The proposed testimony of the shooting and the fleeing the police are in and of themselves prior bad acts that should not be admitted against Mr. Brooks-Davis.

Even if the evidence is admissible under 404(b), it should still be excluded because the prejudice visited upon Mr. Brooks-Davis by the evidence of a random shootings in the night and the fleeing of peace officers outweighs any probative value those facts may afford

5

the jury in deciding the charges in this case. Accordingly, the evidence should be excluded.[2]

## CONCLUSION

For the reasons set forth above, Mr. Brooks-Davis asks the Court to disallow the government's presentation of: evidence related to his 2017 stop, search, and seizure.

Dated: April 09, 2019          Respectfully submitted

/s/ A.L. Brown
_____
A. L. Brown (# 331909)
**Capitol City Law Group, LLC**
**The Allen Building**
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101
Telephone (651) 705-8580
Facsimile (651) 705-8581
E-Mail: A.L.Brown@cclawg.com

**ATTORNEY FOR DEFENDANT**

---

[2] Should the Court admit the evidence, Mr. Brooks-Davis asks this Court for a limiting instruction on the use of this evidence by the jury.