**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

                            Plaintiff,               **JURY INSTRUCTIONS**
      v.                                   Criminal No. 18-215(2) ADM/TNL

Brandon Dante Brooks-Davis,

                            Defendant.

---

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

A.L. Brown, Capitol City Law Group, LLC, St. Paul, MN on behalf of Defendant Brandon Dante Brooks-Davis

---

Date submitted to jury: April 17, 2019

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case and which will guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations. The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court, and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law

than that given in these instructions of the Court just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Indictment and the plea of not guilty by Brandon Dante Brooks-Davis.

In deciding the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

INSTRUCTION NO. 2

You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received and to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If Brandon Dante Brooks-Davis is proven guilty beyond a reasonable doubt, say so.  If not proven guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always assumed by the government.

INSTRUCTION NO. 3

You have been allowed to take notes during the course of the trial, and you may take these notes with you to the jury room.  You should not consider these notes binding or conclusive, whether they are your notes or those of another juror.  The notes should be used as an aid to your memory and not as a substitute for it.  You should not give greater weight to a particular bit of evidence solely because it has been reduced to writing.  I want to make clear to you that it is your recollection of the evidence which should control, and you should disregard anything contrary to your own recollection which may appear from your own notes or those of another juror.

INSTRUCTION NO. 4

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.  Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 5

I have mentioned the word "evidence."  The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted to or stipulated.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

Certain things are not evidence.  I shall list those things for you now:

l.  Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.  Objections are not evidence. Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your recollection of that evidence, it is your recollection which should control during your deliberations and not the statement of the Court or of counsel.  You are the sole judges of the evidence received in this case.

INSTRUCTION NO. 6

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to received.

INSTRUCTION NO. 7

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

INSTRUCTION NO. 8

The testimony of a witness may be discredited or, as we sometimes say, impeached, by showing that they previously made statements which are different than or inconsistent with their testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness, and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

INSTRUCTION NO. 9

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of their testimony, of for other reasons sufficient to you, that such testimony is not worthy of belief.

INSTRUCTION NO. 10

You have heard evidence that Donta Adams entered a plea of guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of this defendant's guilt.  You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon his testimony.

INSTRUCTION NO. 11

You have heard evidence that Donta Adams  hopes to receive a reduced sentence on criminal charges pending against him in return for his cooperation with the government in this case.  Donta Adams entered into an agreement with the United States Attorney's Office which provides that in return for his assistance, the government will recommend a less severe sentence. If the prosecutor handling this witness' case believes he provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce his sentence.  If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his hope of  receiving a reduced sentence is for you to decide.

INSTRUCTION NO. 12

You have heard the testimony of various law enforcement officers.  The fact that a witness may be employed as a policeman or law enforcement officer does not mean that their testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that their testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

INSTRUCTION NO. 13

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions about issues in the case.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to relevant and material matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other "expert witnesses," you may disregard the opinion in part or in its entirety.

As I have told you several times, you the jury are the sole judges of the facts of this case.

INSTRUCTION NO. 14

Mr. Brooks-Davis did not testify in this case.  Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that Mr. Brooks-Davis did not testify. Remember that there are many reasons that an innocent defendant might not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You must not consider this against the defendant in any way in your deliberations in the jury room.

INSTRUCTION NO. 15

Brandon Dante Brooks-Davis is not on trial for any acts or crimes not specifically alleged in the Indictment.

INSTRUCTION NO. 16

The Indictment in this case charges Brandon Dante Brooks-Davis with four crimes.

Counts One through Three charge that Brandon Dante Brooks-Davis committed the crime of

possessing a firearm after having been convicted of one or more felonies.  Count Four charges

that Brandon Dante Brooks-Davis committed the crime of possessing an unregistered firearm.

Brandon Dante Brooks-Davis has pleaded not guilty to each of these charges.

As I told you at the beginning of the trial, an Indictment is simply an accusation.  It is not

evidence of anything. To the contrary, Brandon Dante Brooks-Davis is presumed to be innocent.

Thus Brandon Dante Brooks-Davis, even though charged, begins the trial with no evidence

against him. The presumption of innocence alone is sufficient to find Brandon Dante Brooks-

Davis not guilty and can be overcome only if the government proves, beyond a reasonable doubt,

each essential element of the crime charged.

There is no burden upon a defendant to prove that he is innocent.  Accordingly, the fact

that the defendant did not testify must not be considered by you in any way, or even discussed, in

arriving at your verdict.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.

This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal

case the burden or duty of calling any witnesses or producing any evidence.  The defendant is

not even obligated to produce any evidence by cross-examining the witnesses for the

government.

It is not required that the government prove guilt beyond all possible doubt.  The test is

one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense,

and not the mere possibility of innocence.  A reasonable doubt is the kind of doubt that would

make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Keep in mind that each count charges a separate crime.  You must consider each count separately, and return a separate verdict for each count.  Unless the government proves, beyond a reasonable doubt, that Brandon Dante Brooks-Davis has committed each and every element of the offense charged in the Indictment, you must find Brandon Dante Brooks-Davis not guilty of that offense.  If the jury after careful and impartial consideration of all the evidence in this case, views the evidence as reasonably permitting either of two conclusions--one of not guilty, the other guilty--the jury must, of course, adopt the conclusion of not guilty.

INSTRUCTION NO. 17

**[READ THE INDICTMENT]**

INSTRUCTION NO. 18

It is a crime for a felon to possess a firearm, as charged in Counts One through Three of the Indictment.  This crime has three elements, which are:

*One*, the defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two*, after that, the defendant knowingly possessed firearms.

For Count 1, these firearms are the firearms found in the safe:  a Beretta model 92FS 9mm semi-automatic pistol bearing serial number BER021446; a Smith & Wesson model SW9VE 9mm semi-automatic pistol bearing serial number PBU6610; and a Ruger model P91 DC .40 caliber semi-automatic pistol bearing serial number 34008950.

For Count 2, this firearm is a Glock model 27 .40 caliber semi-automatic pistol bearing serial number HPB411.

For Count 3, this firearm is a Glock model 21 .45 caliber semi-automatic pistol bearing serial number BECS686.

And:

*Three*, that the firearms in each count was transported across a state line at some time during or before the defendant's possession of it.

You are instructed that the government and the defendant have stipulated, that is, agreed, that the defendant has been convicted of one or more crimes punishable by imprisonment for more than one year, and you must consider the first element as proven.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

INSTRUCTION NO. 19

It is a crime to possess an unregistered firearm as charged in Count Four of the Indictment.  This crime has five elements, which are:

*One*, on or about August 7, 2018, the defendant knew he had a firearm in his possession;

*Two*, the defendant knew the firearm had a barrel length of less than sixteen inches;

*Three*,  the firearm was capable of operating as designed;

*Four*, the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record; and

*Five*, the government must prove that the firearm had a barrel length of less than sixteen inches.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

INSTRUCTION NO. 20

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

INSTRUCTION NO. 21

Brandon Dante Brooks-Davis' defense is that the government has failed to meet its burden of proving the element of possession for each count charged in the Indictment.  The defendant argues he was merely present where the firearms were found and did not have possession of the firearms, as defined in Instruction No. 20.

INSTRUCTION NO. 22

The statutes involved here prohibit the knowing possession of a firearm.  The government is not required to prove that the defendant owned the firearm.   Ownership is immaterial.  The taking or temporary possession of a firearm may be the basis for a conviction of possessing a firearm.

INSTRUCTION NO. 23

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by a defendant, and all the facts and circumstances in evidence which may aid in a determination of a defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 24

The Indictment alleges that the offense charged occurred "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the time frame alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

INSTRUCTION NO. 25

Upon retiring to your jury room to begin your deliberation, you will elect one of your members to act as your presiding juror.  The presiding juror will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges--judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A Form of Verdict has been prepared for your convenience.

**READ THE FORM OF VERDICT TO THE JURY.**

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your presiding juror write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your presiding juror or by one or more members of the jury, through the court security officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

INSTRUCTION NO. 26

Your duty is to both the United States and the defendant.  They each have a right to expect that you will see that justice is done.  Your responsibility should be borne courageously and without fear or favor.  It is not an arbitrary power, but one that must be exercised with fairness, sincere judgment and sound discretion.

The final test of the quality of your service will lie in the verdict you return to the Court, not in the opinions any of you hold as you retire from the case.  Remember, you are not partisans nor advocates but triers of fact.

INSTRUCTION NO. 27

Counsel, do either of you wish to call to the Court's attention any errors, omissions or corrections in the charge?  If so, would you please come forward to the Bench.

The Court Security Officer will be sworn.