UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No:18-CR-0215 (ADM/TNL)

United States of America

Plaintiff,	POSITION PAPER
RELATING TO THE SENTENCING
OF BRANDON BROOKS-DAVIS

v.

Brandon Dante Brooks-Davis

Defendant.

Brandon Brooks-Davis, by the verdict of a jury, stands convicted of Counts I and II of the Indictment (possession of firearms by an ineligible person) and acquitted of Counts III and IV. The law demands a penalty for his convictions that is "sufficient, *but not greater* than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." To that end, Mr. Brooks-Davis makes the following challenges to the PSI writer's application of the guidelines and the following arguments for sentencing.

### A. Objection to the base offense level (Contested Hearing Requested.)

The PSI writer advises that the proper base level for this offense is 22 but, from Mr. Brooks-Davis's view, the proper base level is 20. The two differ on the application of USSG §2K2.1, specifically whether the large capacity magazine recovered during the

investigation was in "*close* proximity" to the firearms that Mr. Brooks-Davis was convicted of possessing. USSG §2K2.1, comment (n.2)(emphasis added).

The PSI writer's recommendation of a base level offense of 22 is unsupported by any evidence of proximity between the firearms that Mr. Brooks-Davis was convicted of possessing and the large capacity magazine recovered in the search. Moreover, there is no suggestion that the firearms that Mr. Brooks-Davis was convicted of possessing were capable of "accepting a large capacity magazine." So even if the two were in close proximity of one the other, the application would not apply.

Mr. Brooks-Davis intends to put the Government to its burden to demonstrate *close* proximity between the two pieces of contraband *and* that firearm was capable of accepting the large capacity magazine. *United States* v. *Walker*, 900 F.3d 995, 998 (8th Cir. 2018)(holding that the Government has the burden of proof to demonstrate the applicability of enhancements). In absence of such evidence, the proper base level is 20, and not 22.

**B.     Objection to Enhancement for Firearms under USSG §2K2.1(b)(1)(A) (3-7 Firearms)—Contested Hearing Requested.**

Likewise, Brooks-Davis objects to the enhancement under USSG §2K2.1(b)(1)(A). The PSR writer acknowledges "it is not possible to determine whether the jury found beyond a reasonable doubt that he possessed all three firearms found in the safe [as opposed to just one of the firearms]." If that is true, *and it is*, then the

Government cannot meet its burden to show that the USSG §2K2.1(b)(1)(A) enhancement applies at all. The two-level enhancement does not apply.

C. **Objection to Enhancement Use or Possession in Connection with Another Felony Offense under USSG §2K2.1(b)(6)(B)— Contested Hearing Requested.**

The PSI writer urges the Court to apply a four-level enhancement on the theory that Mr. Brooks-Davis was involved in drug trafficking. But a favorable view of the evidence supports that Mr. Brooks-Davis was involved in drug possession, not trafficking.[1] And USSG §2K2.1(b)(6)(B) applies differently to drug possession cases than it does to drug trafficking cases. *United States* v. *Walker*, 900 F.3d 995, 997 (8th Cir. 2018)("the Guidelines 'treat drug trafficking offenses and drug possession offenses differently" for the purposes of the enhancement'")(internal citations omitted). The Eighth Circuit has made plain that in drug possession cases, proximity between the firearm and the drugs in not enough for the four-level enhancement. *Id.* ("We have previously held that a 'temporal and spacial nexus between the drugs and firearms,' standing alone, is insufficient to establish that the firearms facilitated

---

[1] To be sure, there may have been plenty of evidence relating to the drug trafficking of Donta Adams, but little to no evidence that Mr. Brooks-Davis's was engaged in drug trafficking.

3

the felony offense of simple drug possession."). Temporal and special nexus is all that the PSI writer offers in support of the application and therefore the Court should not apply the enhancement.

Given Brooks-Davis's objections he believes that his total offense level is 22, Criminal History Category VI[2], and therefore his guideline sentence is 84-105 months.

Dated: August 1, 2019  /e/ A.L. Brown

A. L. Brown (# 331909)
CAPITOL CITY LAW GROUP, LLC
287 East Sixth Street, 20
Saint Paul, Minnesota 55101
Telephone: (651) 705-8580
Facsimile: (651) 705-8581
E-Mail: A.L.Brown@CCLAWG.COM

---

[2] Mr. Brooks-Davis withdraws his objection to the inclusion of one criminal history point for his 2009 conviction for domestic abuse.