# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# Criminal No.: 18-215 (ADM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **POSITION OF THE UNITED** |
| v. ) | **STATES WITH RESPECT** |
| ) | **TO SENTENCING** |
| (2) BRANDON DANTE BROOKS-DAVIS, ) | |
| ) | |
| Defendant, ) | |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, Assistant United States Attorney, hereby submits this memorandum setting forth its position with respect to sentencing factors in this matter.

The United States asks this Court to sentence the Defendant to a term of imprisonment of 168 months, the low-end of his Guideline range. The Defendant, along with co-defendant Donta Adams, possessed multiple firearms as part of a scheme to traffic drugs in and around Minneapolis. He has a lengthy criminal history that includes acts of physical violence. A sentence at the low-end of the Guideline range is reasonable and appropriate under the sentencing objectives of U.S. law.

## THE PRESENTENCE INVESTIGATION REPORT

### I. The United States's Position Regarding the Guidelines.

The United States agrees with the conclusions set forth in the Presentence Investigation Report (PSR) concerning the Guidelines calculations. Because the offense

involved semiautomatic firearms capable of accepting large capacity magazines, and because the Defendant committed the offense subsequent to sustaining a felony conviction of a crime of violence, his base offense level is 22. (PSR ¶ 19.) Because the Defendant is responsible for four firearms, two levels are added. (PSR ¶ 20.) Because the Defendant possessed the firearms in connection with felony drug trafficking, four levels are added. (PSR ¶ 22.) The Defendant's total offense level is therefore 30. (PSR ¶ 30.) In criminal history category VI, his guideline range is 168–210 months. (PSR ¶¶ 50, 107.)

## II. The Defendant's Objections.

The Defendant has made four objections to the PSR: 1) he objects to the base offense level, denying responsibility for any large capacity magazines; 2) he objects to the upward adjustment of two levels, denying he is responsible for four firearms; 3) he objects to the upward adjustment of four levels, denying he possessed firearms in connection with another felony offense; and 4) he objects to the assessment of a criminal history point for his 2009 domestic battery conviction. (PSR A.1–A.3.) The United States opposes these objections. Each is addressed separately below.

    a.    <u>Large Capacity Magazines</u>. The apartment that the Defendant shared with Adams contained three firearms with extended magazines: a Beretta model 92FS 9mm semi-automatic pistol (found in the apartment's safe in the laundry room); a Glock model 27 .40 caliber semi-automatic pistol (found in the Defendant's bedroom); and a .223 caliber semi-automatic rifle (found in Adams's closet). The Defendant was found guilty of possessing the Beretta (Count 1) and the Glock (Count 2).

2


Gov't Ex. 32A: the Beretta found in the safe (Count 1).


Gov't Ex. 15A: the Glock found in the Defendant's bedroom (Count 2).

Even discounting the count involving the rifle, of which the Defendant was acquitted, he is still responsible for two firearms with large capacity magazines. The adjustment is reflecting a large capacity magazine is therefore appropriate.

  b. <u>The Number of Firearms</u>. The Court's instructions required that, to convict the Defendant in Count 1, the jury had to find that the Defendant knowingly possessed "the firearms found in the safe: a Beretta model 92FS 9mm semi-automatic pistol bearing serial number BER021446; a Smith & Wesson model SW9VE 9mm semi-automatic pistol bearing serial number PBU6610; <u>and</u> a Ruger model P91 DC .40 caliber semi-automatic pistol bearing serial number 34008950." (Document No. 86, Instruction No. 18 (emphasis added)). As the instruction was in the conjunctive, the jury was required to find that the Defendant possessed all three firearms in order to convict the Defendant on Count 1. Along with the additional firearm in Count 2, the Defendant was therefore convicted of possessing four firearms. The adjustment reflecting possession of four firearms is therefore appropriate.

  c. <u>Possession in Connection with Drug Trafficking</u>. The cooperating witness in this case testified credibly at trial in this case that the Defendant possessed the firearms in furtherance of a drug trafficking scheme. This testimony was amply supported by the evidence in the case: the marijuana found in the Defendant's bedroom, along with a digital scale and a Glock; cash found in the Defendant's wallet and clothing, packaged consistently with drug trafficking; and more than $1000,000 in cash found in the Defendant's safe, along with three firearms.

4


Gov't Ex. 13B: marijuana and scale found in Defendant's bedroom with Glock.


Gov't Ex. 20: Cash found in the Defendant's wallet.



Gov't Ex. 21: Cash found in the Defendant's clothing.



Gov't Ex. 27: Cash found in the Defendant's safe.

6

The evidence establishes that the Defendant was engaged in drug trafficking, and possessed his firearms in connection with that felony offense. The adjustment is therefore appropriate.

      d.      <u>The Defendant's Criminal History</u>. The United States agrees with the analysis of the PSR. The Defendant was convicted of misdemeanor domestic battery. (PSR ¶ 35.) Because he received a sentence of less than 13 months' imprisonment (in this case, a sentence of probation), the prior offense is only counted if it is within 10 years of the Defendant's commencement of the instant offense. U.S.S.G. § 4A1.2(e)(2). The Defendant was convicted of the battery offense on March 11, 2009. (PSR ¶ 35.) He committed the instant offense on August 7, 2018. Because these dates are within 10 years, the conviction receives one criminal history point.

## **ARGUMENT**

### **III.**   **<u>The Appropriate Sentence in Light of 18 U.S.C. § 3553(a)</u>**

In addition to determining the Defendant's Sentencing Guideline range (18 U.S.C. § 3553(a)(4)), this Court is required to assess the other applicable sentencing factors under Section 3553(a) of federal sentencing law. Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Pursuant to these factors, the United States requests the Court sentence the Defendant to a term of imprisonment of 168 months.

### A. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and to Provide Just Punishment for the Offense.

The Defendant's crime was serious, and merits a commensurate sentence. The Defendant was convicted of possessing four firearms. As noted above, the evidence at trial established that he did so in furtherance of a drug trafficking scheme. Based on the testimony of the cooperating witness, and the very large amounts of cash found in the Defendant's wallet and clothing, and in the apartment's safe (see Gov't Ex. 20–21, 27, supra), the drug trafficking enterprise was immensely successful.

The connection between drug dealing and firearms is well-established. See, e.g., United States v. Claxton, 276 F.3d 420, 423 (8th Cir. 2002), noting that there is "a close and well-known connection between firearms and drugs," and that firearms are "known 'tools of the trade' of narcotics dealing because of the dangers inherent in that line of work." The nature of the firearms the Defendant and Adams possessed was particularly troubling: as noted above, they were not only numerous, but appeared to be offensive in nature, involving extended magazines.

A sentence at the low end of the Guidelines is necessary to reflect the seriousness of the Defendant's offense and to provide just punishment.

### B. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public.

By the same token, a sentence of 168 months is necessary to protect the public and deter the Defendant. At age 29, he has amassed enough criminal history points to place

8

him in the most serious Criminal History Category. (PSR ¶ 50.) His criminal history includes three felony convictions and 11 misdemeanor convictions, stretching from 2008.

His criminal history also includes acts of physical violence. He has a misdemeanor battery conviction and a misdemeanor domestic battery conviction from Cook County, Illinois. (PSR ¶¶ 34–35.) In 2010, he attacked two police officers, striking one and breaking his nose. (PSR ¶ 36.) In 2015, he struck a woman in her face, then kicked her while she was on the ground. (PSR ¶ 45.)

His record under court supervision is dismal His criminal history is replete with probation violations. (PSR ¶¶ 35–38, 40, 45–46.) He was under court supervision when he committed the instant offense. (PSR ¶ 49.)

A sentence at the low-end of the Guideline range is sufficient and not greater than necessary to protect the public from the Defendant and deter him from continuing crimes.

## CONCLUSION

In light of all the facts of the facts in this case, and pursuant to the sentencing objectives of 18 U.S.C. § 3553(a), the United States asks this Court to sentence the Defendant to a term of imprisonment of 168 months.

Date: August 1, 2019

                                        Respectfully Submitted,

                                        ERICA H. MacDONALD
                                        United States Attorney

                                        *s/ Thomas Calhoun-Lopez*
                                        BY: THOMAS CALHOUN-LOPEZ
                                        Assistant U.S. Attorney