UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Brandon Dante Brooks-Davis,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 18-215(2) ADM/TNL
Civil No. 22-2533 ADM

_____

Thomas Calhoun-Lopez, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Brandon Dante Brooks-Davis, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Brandon Dante Brooks-Davis' ("Brooks-Davis") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 181] ("2255 Motion").[1] For the reasons stated below, the 2255 Motion is denied.

## II. BACKGROUND

On April 17, 2019, after a three-day trial, a jury found Brooks-Davis guilty of two counts of possessing a total of four firearms as a felon. Verdict [Docket No. 90]. Brooks-Davis and his co-defendant Donta Adams ("Adams") were both indicted after law enforcement officers recovered six firearms, 2.4 kilograms of marijuana, digital scales, and $134,567 in cash in an

---

[1] All citations are to the criminal case docket.

apartment where Brooks-Davis was found. Presentence Investigation Report (PSR) [Docket No. 102] ¶ 7.

On August 20, 2019, the Court sentenced Brooks-Davis to a term of 105 months on both counts, to run concurrently. Sentencing J. [Docket No. 112] at 2. The sentence was a downward variance from Brooks-Davis' guideline range of 168 to 210 months. Statement Reasons [Docket No. 113] at 1.

Brooks-Davis appealed his conviction and sentence, arguing (1) the evidence was insufficient to convict him; (2) the Court committed plain error by not instructing the jury that it must find that Brooks-Davis knew of his prohibited status as a felon, as required by Rehaif v. United States, 139 S. Ct. 2191 (2019);[2] and (3) the Court committed procedural error in applying a two-point enhancement for possessing three-to-seven firearms, and a two-point enhancement for possessing a stolen gun. United States v. Brooks-Davis, 984 F.3d 695, 696–97 (8th Cir. 2021), cert. denied, 142 S. Ct. 161 (2021). The Eighth Circuit rejected these arguments and affirmed both the conviction and the sentence. Id. Brooks-Davis' petition for a writ of certiorari was denied by the Supreme Court on October 4, 2021. Brooks-Davis v. United States, 142 S. Ct. 161 (2021).

Brooks-Davis has now filed this § 2255 Motion seeking to vacate his conviction and sentence.[3] He claims: (1) his Sixth Amendment rights were violated when his attorney failed to

---

[2] Rehaif was decided two months after Brooks-Davis' trial.

[3] Arguably, the § 2255 Motion is untimely under the one-year statute of limitations period in 28 U.S.C. § 2255(f)(1) because it is postmarked October 5, 2022, which is one year and one day after the judgment became final. See Envelope [Docket No. 181, Attach. 1] (showing October 5, 2022 postmark date). Although the last page of the § 2255 Motion includes a declaration by Brooks-Davis stating that he deposited the Motion in the prison mailing system on September 19, 2022, the declaration does not include a statement that first-class postage was being prepaid, as required under Federal Rule of Appellate Procedure 4(c)(1)(A). The Court need not resolve this issue because even if the § 2255 Motion were timely, it fails on the merits.

2

object to the firearms offered as evidence; (2) his Fifth and Sixth Amendment rights were violated because the jury was not instructed on the elements of aiding and abetting a felon in possession of a firearm; (3) his Fifth and Sixth Amendment rights were violated because he was convicted by a jury that was "biased" by evidence of drug trafficking; and (4) the Court erred at sentencing by applying a four-point enhancement for possessing firearms in connection with another felony offense (drug trafficking). Mot. at 5-8.[4]

### III. DISCUSSION

**A. Legal Standards**

    **1. 28 U.S.C. § 2255**

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**B. Brooks-Davis' Claims**

    **1. Failure to Object to Firearms as Evidence (Ground 1)**

Brooks-Davis argues that that no evidence tied him to the weapons that were in the apartment where he was found, and that his lawyer should have objected to the firearms being admitted as evidence. Brooks-Davis contends that the apartment "wasn't his," and that as a "guest" he could not "know what's in a bag under a bed in someone else's home and have

---

[4] Page citations are to the page number in the CM/ECF banner at the top of the page.

3

possession." Mot. at 4. He also argues that his DNA and fingerprints were not found on the firearms. Id.

This claim repackages arguments from Brooks-Davis' direct appeal, in which he argued that the evidence was insufficient to convict him because "he did not live in the Edina apartment," and "only Adams' fingerprints and DNA were found on the firearms." Brooks-Davis, 984 F.3d at 697-98. The Eighth Circuit rejected these arguments, holding they were issues for the jury to decide. Id.

Section 2255 generally may not "be used to relitigate matters decided on direct appeal." Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) (citing Davis v. United States, 417 U.S. 333, 346–47 (1974)). Because the matters in Ground 1 were raised and decided on direct appeal, Brooks-Davis cannot relitigate them in a § 2255 motion.

**2. Inadequate Jury Instructions (Ground 2) and "Biased" Jury (Ground 3)**

In Grounds 2 and 3, Brooks-Davis claims that his Fifth and Sixth Amendment rights were violated because the jury was not instructed that he must have known Adams was a felon to convict (Ground 2), and because the jury was "biased" by evidence of drug trafficking (Ground 3). Mot. at 5-7. The Government argues that Brooks-Davis procedurally defaulted on these claims by failing to raise them on direct appeal. The Court agrees.

"[A] petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012). To overcome a procedural default, a defendant must "demonstrate either cause and actual prejudice, or that he is actually innocent." Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).

As "cause" for why he did not raise the issues on direct appeal, Brooks-Davis cites to his "attorney's legal advice of judicial process." Mot. at 6-7. To the extent that Brooks-Davis is claiming that his trial counsel was ineffective, the claim falls far short of the demanding standard. "To establish ineffective assistance of counsel . . . as cause and prejudice to excuse a procedural default, [a defendant] must show that 'counsel's performance was deficient' and 'that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable.'" Becht, 403 F.3d at 545 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Brooks-Davis has not shown that his counsel's performance was deficient, much less that a deficiency deprived him of a fair trial. Brooks-Davis' argument in Ground 2 that the Court was required to instruct the jury on the elements of aiding and abetting a felon in possession of a firearm lacks merit. Although the Indictment includes allegations that Brooks-Davis and Adams aided and abetted each other, the United States was entitled to proceed to trial on a simple possession charge and forego the Indictment's reference to 18 U.S.C. § 2. An indictment may be narrowed by dropping "those allegations that are unnecessary to an offense that is clearly contained within it." United States v. Miller, 471 U.S. 130, 144 (1985); see also United States v. Leichtnam, 948 F.2d 370, 376 (7th Cir. 1991) ("[A]n indictment has not been 'amended' if all that has happened is that the evidence or the charges submitted to the trial jury wind up being simply a more limited version of the charges in the indictment."). The Court's instructions to the jury were proper, and counsel was not deficient for declining to argue otherwise.

With respect to Ground 3, Brooks-Davis' argument that the jury was biased by drug trafficking evidence does not demonstrate that his counsel was deficient. To the contrary, Brooks-Davis' counsel argued against the inclusion of such evidence. See Mot. In Limine [Docket No. 79] at 4 (arguing that the Government should not be permitted to introduce evidence

5

for the stated purpose of "showing a common scheme between [Brooks-Davis] and Donta Adams to possess firearms in furtherance of their drug trafficking activities," because "Brooks-Davis . . . has not been charged with drug trafficking").

Because Brooks-Davis has not shown that his counsel's performance was deficient, much less that his counsel's purported errors deprived him of a fair trial, he has not demonstrated cause and actual prejudice to excuse his default.

The only other way for Brooks-Davis to overcome his procedural default is to show that he is "actually innocent." Bousley, 523 U.S. at 622. "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (quotations omitted). Brooks-Davis cannot satisfy this standard because the Eighth Circuit has already reviewed the evidence and has found that "a reasonable jury could have found [Brooks-Davis] guilty beyond a reasonable doubt." Brooks-Davis, 984 F.3d at 697.

### 3. Sentencing Guideline Enhancement (Ground 4)

Finally, Brooks-Davis argues that the Court incorrectly calculated his sentencing guideline range by applying a four-point enhancement for possessing firearms in connection with another felony offense---namely, drug trafficking. Mot. at 8.

The Eighth Circuit has held that "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." Sun Bear, 644 F.3d at 704. A sentence that falls within the statutory maximum for the offense of conviction is not illegal and does not amount to a miscarriage of justice. Id. at 705.

Here, the statutory maximum authorized for each count of conviction was 120 months, which would have yielded a total of 240 months had the Court run the sentences consecutively. Brooks-Davis' sentence of 105 months on each count, to run concurrently, is well below the statutory

maximum. As such, his claim that the Court erroneously calculated his guideline range is not cognizable under § 2255.

## IV. EVIDENTIARY HEARING

An evidentiary hearing is not warranted, as the 2255 Motion and the files and record in this case conclusively show that Brooks-Davis is not entitled to § 2255 relief. 28 U.S.C. § 2255(b); Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

## V. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Brooks-Davis' 2255 Motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## VI. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Brandon Dante Brooks-Davis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 181] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: March 8, 2023

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT